IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KEVIN JONES | § | |
| | § | |
| V. | § | NO. 1:12-CV-287 |
| | § | |
| CITY OF PORT ARTHUR, JOHN A. | § | |
| COMEAUX, E.J. ROMERO, JR., ROSS E. | § | |
| BLACKKETTER, ALBERT T. THIGPEN, | § | |
| STEPHEN B. FITZGIBBONS | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

On June 12, 2012, this *pro se*, employment-discrimination case was referred for all pretrial matters to United States Magistrate Judge Zack Hawthorn. On July 12, 2012, Defendants City of Port Arthur, John A. Comeaux, E.J. Romero, Jr., Ross E. Blackketter, and Albert T. Thigpen (collectively the "Defendants") filed a Motion to Dismiss (Doc. No. 6). On July 23, 2012, the Plaintiff, Kevin Jones, filed a response (Doc. No. 7) to the Motion to Dismiss, which the magistrate judge construed as a motion for leave to amend his complaint. See (Doc. No. 16.) With the permission of the magistrate judge, Jones filed his Amended Complaint on September 13, 2012, (Doc. No. 21) and the Defendants filed their Supplemental Motion to Dismiss on September 27, 2012 (Doc. No. 23). Jones did not file a response to the Defendants' Supplemental Motion to Dismiss.

On December 5, 2012, the magistrate judge filed his report (Doc. No. 32), recommending that this Court grant in part and deny in part the Defendants' motions to dismiss.[1] On December 18, 2012, the Defendants filed an objection to the report and recommendation. (Doc. No. 36.)

---

1. Specifically, the magistrate judge recommended that the Court: (1) dismiss with prejudice Jones's claims under Title VII, the ADA, and the Texas Constitution; and (2) permit Jones's claims of race-based employment discrimination under 42 U.S.C. § 1983 to proceed against all of the Defendants in their official and individual capacities.

On December 19, 2012, Jones filed a "Response to the Defendant's [sic] Objections" (Doc. No. 38). However, since the arguments in Jones's "Response" appear to be an objection to a legal conclusion in the magistrate judge's report, and in light of Jones's *pro se* status, the Court will construe this filing as an objection to the magistrate judge's report. Additionally, both parties filed responses to the other's objections. See (Doc. Nos. 39, 41.)

After conducting a *de novo* review of the magistrate judge's report and recommendation and the parties' objections and responses, the Court finds that the magistrate judge's findings and conclusions are correct. See FED. R. CIV. P. 72(b)(3). Accordingly, the parties' objections are without merit.

## I. The Plaintiff's Objection

In his report and recommendation, the magistrate judge found that Jones intended to assert, *inter alia*, claims of unlawful termination based on: (1) race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq, and (2) disability pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (Doc. No. 32, at 5.) As to these two claims, the magistrate judge concluded that "[b]ecause Jones did not exhaust his administrative remedies as provided by Title VII and the ADA, he may not now pursue a claim in federal court under these statutes." (Doc. No. 32, at 7.) The magistrate judge's conclusion was based, in part, on Jones's statement in his amended complaint that his "attorney did not file with the Texas Workforce Commission Civil Rights Division (TWCCRD) or Equal Employment Opportunity Commission (EEOC) within the 180/ or 300 days after [his] termination." (Doc. No. 21, at p. 15.)

In Jones's "Response to Defendant's Objections," Jones now informs the Court that his attorney *did* file a complaint with the EEOC, although he did so "in an untimely manner." (Doc. No. 38, at 1.) He states that this charge was filed with the EEOC on March 9, 2012. He also

included with his response a notice of right to sue letter from the EEOC, which indicated that his administrative claim was denied because he had not timely filed it with the EEOC. (Doc. No. 38, Attach. 1.) Copied on that right to sue letter is one of the Defendants, Albert T. Thigpen, the City of Port Arthur's Director of Human Resources. Furthermore, the Defendants have now notified the Court that they too had a copy of this right to sue letter, which Jones forwarded to them on July 27, 2012. (Doc. No. 39, at 2.) Although both parties had a copy of this right to sue letter prior to the filing of the most recent motion to dismiss (Doc. No. 23), this is the first time that the parties have mentioned the letter to the Court.

Even though it has now been revealed that Jones filed his claim with the EEOC on March 9, 2012, it remains evident that Jones may not bring suit under Title VII or the ADA because he failed to timely exhaust his administrative remedies under those provisions. Title VII provides that a plaintiff must first file an administrative charge with the EEOC or a designated state agency (here, the Texas Workforce Commission) within 300 days of the alleged discriminatory act. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109–110 (2002) (holding that "filing a charge within the specified time period is mandatory" and that "[a] claim is time barred if it is not filed within these time limits"). This requirement also applies to claims brought under the ADA since "the ADA incorporates by reference the procedures applicable to actions under Title VII." Dao v. Auchan Hypermarket, 96 F.3d 787, 788–89 (5th Cir. 1996) (citing 42 U.S.C. § 12117(a)). The discriminatory act alleged by Jones occurred, at the latest, on December 8, 2010, when the City of Port Arthur denied his termination appeal. He filed his administrative charge on March 9, 2012—457 days later. Accordingly, as found by the magistrate judge, Jones failed to timely exhaust his administrative remedies under Title VII and the ADA. He may not now pursue claims of discrimination under these statutes.

## II. The Defendants' Objection

In his report and recommendation, the magistrate judge concluded that Title VII does not provide the exclusive remedy for an employment discrimination claim against a government employer, thus Jones could pursue a claim under 42 U.S.C. § 1983. (Doc. No. 32, at 8–10.) The Defendants only object to this legal conclusion made by the magistrate judge. (Doc. No. 36, at 4.)

The Defendants cite *Jackson v. City of Atlanta*, a Fifth Circuit panel opinion which held that Title VII is "the exclusive means by which an employee may pursue a discrimination claim." 73 F.3d 60, 63 (5th Cir.) (per curiam), cert. denied, 519 U.S. 818 (1996). The Defendants also cite district court cases that have followed *Jackson*. See, e.g., Gaudet v. City of Kenner, Civ. No. 12-86 Section "S" (3), 2012 U.S. Dist. LEXIS 76825, at *16–18 (E.D. La. June 1, 2012); Thompson v. Louisiana, Civ. No. 05-3329 Section "C," 2006 U.S. Dist. LEXIS 51569, at *5–8 (E.D. La. July 11, 2006). The magistrate judge considered all of these cases but found that three Fifth Circuit opinions were controlling. See Johnston v. Harris County Flood Control Dist., 869 F.2d 1565, 1573 (5th Cir. 1989) ("[W]hen a public employer's conduct violates both Title VII and a separate constitutional or statutory right, the injured employee may pursue a remedy under § 1983 as well as under Title VII."); Southard v. Texas Bd. of Crim. Justice, 114 F.3d 539, 548–50 (5th Cir. 1997) ("*Jackson* is inconsistent with *Johnston*, and *Johnston*, as the earlier opinion, controls our decision in this case."); Evans v. Houston, 246 F.3d 344, 356 n.9 (5th Cir. 2001) (citing *Southard* with approval and finding a district court's reliance on *Jackson* incorrect).

In their objection, the Defendants acknowledge the *Southard* and *Evans* opinions relied upon by the magistrate judge but argue that those opinions misinterpreted and misunderstood *Jackson*. (Doc. No. 36, at 5 n.2) (citing Southard, 114 F.3d at 548–50, and Evans, 246 F.3d at 356 n.9). This Court does not share the Defendants' criticism of those two opinions. Instead, the

Court recognizes these cases as controlling precedent within the Fifth Circuit. As correctly concluded by the magistrate judge, Title VII does not provide the exclusive remedy for discrimination claims against a government employer. Evans, 246 F.3d at 356 n.9; Southard, 114 F.3d at 548–50; Johnston, 869 F.2d at 1573; but see Jackson, 73 F.3d at 63. Thus, Jones may still proceed with his claims under § 1983, which does not require that a party exhaust administrative remedies. Brown v. Hartshorne Public School Dist. #1, 864 F.2d 680, 683 (10th Cir. 1988) ("[A] section 1983 plaintiff need not comply with the exhaustion requirements of Title VII."); cf. Wiltz v. Christus Hosp. St. Mary, 1:09-CV-925, 2011 U.S. Dist. LEXIS 44893, at *20–23 (E.D. Tex. Mar. 8, 2011) (allowing a plaintiff to proceed with her claims under 42 U.S.C. § 1981 even though she did not exhaust her administrative remedies under Title VII). The Defendants' objection is without merit.

### III. Conclusion

It is, therefore, **ORDERED** that the parties' objections (Doc. Nos. 36, 38) are **OVERRULED**; the magistrate judge's report and recommendation (Doc. No. 32) is **ADOPTED**; the Defendants' Motions to Dismiss (Doc. Nos. 6, 23) is **GRANTED IN PART** and **DENIED IN PART**; and Jones's claims under Title VII, the ADA, and the Texas Constitution are **DISMISSED WITH PREJUDICE.** Jones may proceed on his claims of race-based employment discrimination under 42 U.S.C. § 1983.

So **ORDERED** and **SIGNED** this **11** day of **January, 2013.**

_____
Ron Clark, United States District Judge