# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **KEVIN JONES** | § | |
| | § | |
| **V.** | § | **NO. 1:12-CV-287** |
| | § | |
| **CITY OF PORT ARTHUR, JOHN A.** | § | |
| **COMEAUX, E.J. ROMERO, JR., ROSS E.** | § | |
| **BLACKKETTER, ALBERT T. THIGPEN,** | § | |
| **STEPHEN B. FITZGIBBONS** | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 12, 2012, this *pro se*, employment-discrimination case was referred for all pretrial matters to United States Magistrate Judge Zack Hawthorn. On February 15, 2013, Defendants City of Port Arthur, John A. Comeaux, E.J. Romero Jr., Ross E. Blackketter, Albert T. Thigpen, and Stephen B. Fitzgibbons (collectively the "Defendants") filed a Motion for Summary Judgment (Doc. No. 65). On April 2, 2013, the magistrate judge filed his report (Doc. No. 77) recommending that the Court grant the Defendants' Motion for Summary Judgment and dismiss this case with prejudice. The Plaintiff, Kevin Jones ("Jones"), filed timely objections to the report and recommendation and the Defendants filed a response to those objections. (Doc. Nos. 79, 80.)

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations *to which the party specifically objects*. 28 U.S.C. § 636(b)(l)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds

by Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1] Jones's objections do not identify any specific issues of law or fact, among those set forth in the magistrate judge's report and recommendation, with which he disagrees. Therefore, Jones fails to invoke his right to a de novo review of the report and recommendation. Nonetheless, in light of Jones's *pro se* status, the Court has undertaken a de novo review of the report and recommendation and objections, and the Court concludes that the magistrate judge's findings and conclusions are correct. See Douglass, 79 F.3d at 1429 (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation).

The magistrate judge correctly analyzed Jones's race-based employment discrimination claim under 42 U.S.C. § 1983 using a modified *McDonnell Douglas* burden-shifting framework. Under that framework, the magistrate judge found that Jones established a prima facie case of race-based employment discrimination since Jones was qualified for his job, terminated, and then replaced by an individual of another race. The magistrate judge then went on to find that the Defendants articulated a legitimate non-discriminatory reason for Jones's termination—Jones's repeated refusal to follow a direct, legal order of a superior. Finally, the magistrate judge found that Jones had failed to offer evidence creating a genuine issue of material fact that either: (1) the Defendants' reason is not true, but is instead a pretext for discrimination; or (2) that the Defendants' reason, while true, is only one of the reasons for their conduct, and another motivating factor is Jones's race. See (Doc. No. 77, at 19) (quoting Assariathu v. Lone Star Health Mgmt. Assocs., No. 12-10730, 2013 U.S. App. LEXIS 4597, at *6 (5th Cir. Mar. 6, 2013) (unpublished opinion) (quoting Rachid v. Jack In The Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004))).

---

1. In his report and recommendation, the magistrate judge clearly informed the parties of these requirements. See (Doc. No. 77, at 20).

After reviewing the record, the Court agrees with the magistrate judge's findings. There is insufficient evidence in the record to create a genuine issue of material fact either that the Defendants' non-discriminatory reason for terminating Jones is a pretext for discrimination or that Jones's race was a motivating factor for his termination. Jones's objections and attached evidence do not undermine this finding. Jones's objections are primarily aimed at discrediting various statements or evidence submitted by the Defendants. Jones's objections neither cite to the attached evidence nor otherwise reveal its relevance to the material issues in this case. As a whole, Jones's objections and attached evidence, when combined with the remainder of the record, do not create a genuine issue of material fact under the *McDonnell Douglas* framework. While Jones may believe that his termination was motivated by a discriminatory animus, he has not offered sufficient evidence to support that belief. Accordingly, Jones has failed to meet his summary judgment burden: his claims should be dismissed with prejudice. It is, therefore,

**ORDERED** that Jones's objections (Doc. No. 79) are **OVERRULED**; the magistrate judge's report and recommendation (Doc. No. 77) is **ADOPTED**; the Defendants' Motion for Summary Judgment (Doc. No. 65) is **GRANTED**; and this lawsuit is **DISMISSED with prejudice**. Final judgment will be entered separately.

So **ORDERED** and **SIGNED** on April __22__, 2013.

_____
Ron Clark
United States District Judge